UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHWESTERN DIVISION

FILED

00 JUL 31  AM 9: 47

U.S. DISTRICT COURT
N.D. OF ALABAMA

TRUSTEES OF THE UNITED )
ASSOCIATION LOCAL 760, )
PLUMBERS 7 STEAM FITTERS AND )
MUSCLE SHOALS MECHANICAL )
CONTRACTORS' ASSOCIATION'S )
HEALTH AND WELFARE FUND; )
TRUSTEES OF THE UNITED )
ASSOCIATION LOCAL 760, )
PLUMBERS & STEAM FITTERS AND ) Civil Action No. CV99-S-1450-NW
MUSCLE SHOALS MECHANICAL )
CONTRACTORS' ASSOCIATION'S )
LOCAL PENSION FUND; and )
TRUSTEES OF THE UNITED )
ASSOCIATION LOCAL 760, )
PLUMBERS & STEAM FITTERS AND )
MUSCLE SHOALS MECHANICAL )
CONTRACTORS' ASSOCIATION'S )
LOCAL APPRENTICE AND )
JOURNEYMEN TRAINING FUND, )
                             )
       Plaintiffs,           )
                             )
vs.                          )
                             )
HARDEMAN PLUMBING &          )
MECHANICAL CO., INC.,        )
                             )
       Defendant.            )

**ENTERED**

JUL 3 1 2000

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

This action is before the court on "plaintiffs' motion for attorney fees and damages." Upon consideration of the pleadings, motion, affidavits, and exhibits, the court finds and concludes as follows:

1.   Plaintiffs instituted this action pursuant to the Labor Management Relations Act, 29 U.S.C. § 185, and the Employees'

Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 621 *et. seq.* Plaintiffs are trustees of three multi-employer plans and seek to recover delinquent contributions owed by defendant Hardeman Plumbing & Mechanical Co., Inc. to each plan.

2.   Plaintiffs moved for summary judgment as to all claims asserted in their complaint, but defendant Hardeman Plumbing & Mechanical Co., Inc. failed to respond to plaintiffs' motion. Accordingly, this court granted plaintiffs' motion on March 3, 2000 (doc. nos. 13, 14), and ordered plaintiffs to file a brief and all necessary evidentiary material to document their request for attorneys' fees, liquidated damages, and interest.

3.   Under ERISA, a trustee may bring an action in federal district court to recover "delinquent contributions" owed by an employer.   29 U.S.C. § 1145.   When a trustee is successful in establishing proof of the employer's delinquency, the trustee is entitled to recover the following:

> In any action under this title by a fiduciary for or on
> behalf of a plan to enforce section 515 of this title in
> which a judgment in favor of the plan is awarded, the
> court <u>shall</u> award the plan —
>
>    (A)  the unpaid contributions,
>
>    (B)  interest on the unpaid contributions,
>
>    (C)  an amount equal to the greater of--
>         (i)  interest on the unpaid contributions, or

> > (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),
>
> > (D) reasonable attorney's fees and costs of the action, to be paid by the defendant, and
>
> > (E) such other legal or equitable relief as the court deems appropriate.
>
> For purposes of this paragraph, interest on unpaid contributions shall be determined by using the rate provided under the plan, or, if none, the rate prescribed under section 6621 of Title 26.

29 U.S.C. § 1132(g)(2).

4.    Based on plaintiffs' submissions, the court finds that defendant Hardeman Plumbing & Mechanical Co., Inc. is indebted to plaintiffs in the principal sum of $55,811.82 (consisting of $23,209.24 in delinquent contributions to the Local Pension Fund, $30,397.58 in delinquent contributions to the Health and Welfare Fund, plus $2,205.00 in delinquent contributions to the Apprentice and Journeyman Training Fund).

5.    Plaintiffs also are entitled to recover interest on the unpaid contributions in the amount of $4,793.41 (consisting of $2,004.72 in interest on the unpaid contributions to the Local Pension Fund, $2,590.37 in interest on the unpaid contributions to the Health and Welfare Fund, plus $197.97 in interest on the unpaid

contributions to the Apprentice and Journeyman Training Fund).

The court recognizes that it is awarding plaintiffs more money in unearned interest than they requested, but the court finds that plaintiffs incorrectly applied the ERISA interest provisions. Specifically, ERISA mandates that "interest on unpaid contributions shall be determined by using the rate provided under the plan, or, if none, the rate prescribed under section 6621 of Title 26." 29 U.S.C. § 1132(g)(2). Both the Local Pension Fund and the Health and Welfare Fund executed a uniform payment and delinquency policy establishing a 12% interest rate on all delinquent contributions, but these plans were not executed until July 13, 1999 and June 10, 1999 respectively, well after the occurrence of defendant's initial delinquencies. Accordingly, this court must apply two different interest rates in calculating the appropriate amount of unpaid interest: on the early months of delinquency, the court uses the rate prescribed under 26 U.S.C. § 6621; on the payments due after the execution of the uniform payment and delinquency policies, the court applies a rate of 12%.

As to the early months of delinquency, ERISA mandates that the court apply the rate established in 26 U.S.C. § 6621. That statute provides:

4

**Determination of rate of interest**

(a)  **General rule** ——
    ...
    (2)  Underpayment rate —— The underpayment rate
        established under this section shall be the
        sum of ——
        (A)  the Federal short-term rate determined
            under subsection (b), <u>plus</u>
        (B)  <u>3 percentage points</u>.

(b)  **Federal short-term rate**—— For purposes of this
    section——
    (1)  **General rule**—— The Secretary shall determine the
        Federal short-term rate <u>for the first month in each
        calendar quarter</u>.

    (2)  **Period during which rate applies**——
        (A)  **In general**—— Except as provided in
            subparagraph (B), the Federal short-term
            rate determined under paragraph (1) for
            any month shall apply during the first
            calendar quarter beginning after such
            month.
        ...
    (3)  **Federal short-term rate**—— The Federal short-
        term rate for any month shall be the Federal
        short-term rate determined during such month
        by the Secretary in accordance with section
        1274(d).  <u>Any such rate shall be rounded to
        the nearest full percent</u> (or, if a multiple of
        ½ or 1 percent, such rate shall be increased
        to the next highest full percent).

26 U.S.C. § 6621 (emphasis supplied).  Moreover, the Eleventh

Circuit has instructed that the interest should not be compounded,

but that a simple interest rate should be applied.  *See Carriers*

*Container Council, Inc. v. Mobile Steamship Assoc., Inc.*, 948 F.2d

1219, 1225 (11th Cir. 1991).

Although plaintiffs calculated the interest owed using the federal short-term rate, they did not add three points to that rate as instructed by § 6621(a)(2), they did not round the interest rate to the nearest full percent as instructed by § 6621(b)(3), nor did they calculate the interest on a quarterly basis as instructed by § 6621(b)(2)(A). Accordingly, this court has been forced to recalculate the interest owed to each of the three separate plans, in spite of the fact that plaintiffs have been ordered to calculate these figures on two separate occasions (see doc. nos. 14, 17).

Having set forth the relevant principles that should be applied to an interest calculation, the court will now illustrate the application of these principles. Plaintiffs have established that defendant was delinquent in its February 1998 payment to the Local Pension Fund in the amount of $440.00. Plaintiffs have also requested that the court award them interest to March 3, 2000, the date the court granted plaintiffs' motion for summary judgment. Accordingly, plaintiffs are due to paid interest on this delinquency for 25 months (from February 1998 to March 2000). In January of 1998 (the point from which the first quarterly interest rate must be determined), the Federal short-term interest rate was 5.7%. That figure must be rounded to 6.0% under § 6621(b)(3), and

6

three points must be added under § 6621(a)(2), which brings the applicable rate of interest to 9%.  Indeed, 9% is the appropriate rate of interest (due to rounding under the aforementioned formula) for the quarters beginning in April of 1998, July of 1998, and October of 1998.  Only for the quarters beginning in January and April of 1999 does the percentage rate drop to 8%, but then it increases again in July of 1999 to 9%.  Moreover, from August 20, 1999 to March of 2000, the court must apply a 12% interest rate as specified in the parties' uniform payment and delinquency policy.  Accordingly, there are 6 months of interest at the rate of 8%, 12 months of interest at the rate of 9%, and 7 months of interest at the rate of 12%.  Therefore, the applicable formula for computing the total amount of interest that defendant owes on the February 1998 contribution to the local pension fund is demonstrated as follows:  $440.98[(6/12)(0.08) + (12/12)(0.09) + (7/12)(0.12)]= $88.20.  All of the calculations are listed below for the benefit of counsel.[1]

---

[1] The interest computations for each fund are listed below.
**Local Pension Fund**
3-98:  504.60[(6/12)(0.08) + (11/12)(0.09) + (7/12)(0.12)]= $97.14
8-98:  1,369.53[(6/12)(0.08) + (6/12)(0.09) + (7/12)(0.12)= $212.28.
12-98: 2,803.58[(6/12)(0.08) + (2/12)(0.09) + (7/12)(0.12)]= $350.45
1-99:  3,906.30[(6/12)(0.08) + (1/12)(0.09) + (7/12)(0.12)]= $458.99
2-99:  3,242.93[(5/12)(0.08) + (1/12)(0.09) + (7/12)(0.12)]= $359.42
10-99: 4,030.77[(5/12)(0.12) =  $201.54
11-99: 2,935.70[(4/12)(0.12)]= $117.43
12-99: 3,975.75[(3/12)(0.12)]= $119.27

6.   Furthermore,   plaintiffs   are   entitled   to   recover $4,793.41   in liquidated damages, an amount equal to the interest on   defendant's   unpaid   contributions.[2]   *See*   29   U.S.C.   §   1132 (g)(2)(C)(ii).

7.   Finally, plaintiffs are entitled to recover $4,324.79 in attorneys' fees and costs.   In awarding attorneys' fees, this court has applied the analysis adopted by the Eleventh Circuit in *Norman v. Housing Authority of City of Montgomery*, 836 F.2d 1292 (11th Cir. 1988).   Specifically, the court has multiplied the number of hours reasonably expended by a reasonable hourly rate to arrive at an amount called the "lodestar."   See Norman, 836 F.2d 1292 at 1299.   The court has also considered the twelve factors set out in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th

---

1-99:  7,289.80[(6/12)(0.08) + (1/12)(0.09) + (7/12)(0.12)] = $856.55
2-99:  6,094.73[(5/12)(0.08) + (1/12)(0.09) + (7/12)(0.12)] = $675.50
11-99: 5,000.16[(4/12)(0.12)] = $200.01
12-99: 6,771.60[(3/12)(0.12)] = $203.15

**Local Apprentice and Journeymen Training Fund**
2-98:  60.70[(6/12)(0.80) + (19/12)(0.09)] = $11.08
3-98:  69.60[(6/12)(0.80) + (18/12)(0.09)] = $12.18
8-98:  188.90[(6/12)(0.80) + (13/12)(0.09)] = $25.97
12-98: 386.70[(6/12)(0.80) + (9/12)(0.09)] = $41.57
1-99:  538.80[(6/12)(0.80) + (8/12)(0.09)] = $53.88
2-99:  447.30[(5/12)(0.80) + (8/12)(0.09)] = $41.75
12-99: 513.00[(3/12)(0.09)] = $11.54

[2] In this court's order entered on April 4, 2000, the court specifically noted that plaintiffs had failed to quantify its request for liquidated damages, and ordered plaintiffs to correct this mistake on or before April 10, 2000. (*See* doc. no. 17 at 2.) Although plaintiffs submitted an amended memorandum brief on April 7, 2000 (doc. no. 18), they failed to remedy this deficiency, despite this court's order that they do so.

Cir. 1974).[3]  Those factors are:  (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee in the community; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of professional relationship with the client; and, (12) awards in similar cases.

The amount awarded above is to be divided among the following three attorneys, in the proportions set forth below.  Specifically, the court finds that Patrick Nakamura is entitled to recover $90.00 in attorneys fees, and Robert Weaver is entitled to recover $1,305.00 in attorneys fees.  In awarding these fees, the court finds that Nakamura is to be compensated for 1 hour of work, while Weaver is to be compensated for 14.50 hours of work.  Although Weaver and Nakamura are both partners in the law firm of Nakamura, Quinn & Walls, LLP, they have asked to be compensated at the rate

---

[3] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981)(en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

of $90.00 per hour, a rate which the court finds to be reasonable, and perhaps slightly below the prevailing market rate in the Northern District of Alabama.

Jennifer Dewees, an associate at the law firm of Nakamura, Quinn & Walls, LLP, also requests to be compensated at the rate of $90.00 per hour.  An analysis of the *Johnson* factors, however, leads this court to conclude that a downward adjustment to $75.00 per hour is warranted.  Specifically, the court finds that the quality of Ms. Dewees performance has been woefully inadequate, particularly with regard to plaintiffs' motion for attorneys' fees and damages.  An examination of the billing statement supplied to the court reveals that Ms. Dewees was principally responsible for the submission of that motion, and it was so inadequate that the court threatened to set aside its memorandum opinion and order entered on March 3, 2000, granting plaintiffs' motion for summary judgment.  In the original memorandum brief supporting plaintiffs' motion for fees, counsel requested reimbursement for work unrelated to this litigation.  Moreover, counsel also failed to correctly calculate the award of interest pursuant to ERISA, (*see supra* ¶ 5), as well as failed to request a specific dollar amount in liquidated damages (*see supra* n.2).  Accordingly, this court not only reduces her rate to $75.00 per hour, but also disallows 11.75

10

of her hours, all of which pertain to her work performed during March 10, 2000 through March 14, 2000 on the motion for attorneys' fees and damages. Accordingly, Dewees is entitled to attorneys' fees in the amount of $2,662.50, representing 35.5 hours of work at the rate of $75.00 per hour.

Finally, the court also disallows a portion of plaintiffs' request for costs and expenses. On April 4, 2000, this court specifically ordered plaintiffs to provide more detailed information to justify their request for UPS overnight charges. Plaintiffs' amended submission fails to comply with this court's order. "Courts are not authorized to be generous with the money of others, and it is as much the duty of courts to see that excessive fees and expenses are not awarded as it is to see that an adequate amount is awarded." *American Civil Liberties Union of Georgia v. Barnes*, 168 F.3d 423, 428 (11th Cir. 1999). Accordingly, plaintiffs have not demonstrated that these expenses were necessary and reasonable and $ 95.50 in overnight charges are disallowed. Plaintiffs remaining expenses total $267.29 and are reasonable based on consideration of the facts of this case.

8.   That plaintiffs shall have and recover from defendant Hardeman Plumbing & Mechanical Co., Inc. the total sum of $69,723.43, including plaintiffs' damages, attorneys' fees and

11

expenses.

A final judgment shall be entered contemporaneously herewith.

DONE this 31st day of July, 2000.

_____
United States District Judge